**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

GOYARD ST-HONORE,

      Plaintiff,

vs.

RANDELL SMITH III a/k/a RANDELL
SMITH, an individual, d/b/a
loudheartbrand.com d/b/a Loud Heart d/b/a
Loud Heart Brand d/b/a LoudHeartBrand
d/b/a @YungHeat d/b/a c/o Heat III d/b/a
#HandmadeByHeat d/b/a @YungHEATisON
d/b/a @LoudHeartBrand and DOES 1-10,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Goyard St-Honore ("Goyard" or "Plaintiff"), hereby sues Defendants, Randell Smith III a/k/a Randell Smith, an individual, d/b/a loudheartbrand.com d/b/a Loud Heart d/b/a Loud Heart Brand d/b/a LoudHeartBrand d/b/a @YungHeat d/b/a c/o Heat III d/b/a #HandmadeByHeat d/b/a @YungHEATisON d/b/a @LoudHeartBrand and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district via the website operating under the domain name "loudheartbrand.com" (the "Subject Domain Name") as well as via the social media platform – twitter.com under the names "c/o Heat III," "#HandmadeByHeat," "@YungHEATisON," "Loud Heart," and "@LoudHeartBrand;" (collectively, the "Social Media"). In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark infringement, federal trademark counterfeiting, false designation of origin, federal dilution, common law trademark infringement, common law unfair competition, and common law dilution pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a) and (c) and the All Writs Act, 28 U.S.C §1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Goyard's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least the Subject Domain Name.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are causing harm within this district. Defendants have also advertised, offered for sale and sold infringing products to consumers in Florida.

## THE PLAINTIFF

4. Goyard is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 16 place Vendôme in Paris, France 75001. Goyard is, in part, engaged in the business of manufacturing and distributing throughout the world, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 12 below. Defendants, through the sale and offering for sale of counterfeit and infringing Goyard branded products, are

directly, and unfairly, competing with Goyard's economic interests in the State of Florida and causing Goyard harm within this jurisdiction.

## THE DEFENDANTS

5.      Defendant Randell Smith III ("Defendant Smith") is an invidual, who upon information and belief, resides at 3125 Bethany Ct., Harrisonburg, Virginia, 22801. Defendant Smith appears to conduct pervasive business throughout the United States, including within this district. Defendant Smith, upon information and belief, uses "Randell Smith" as an alias in connection with the operation of his illegal business. Defendant Smith, upon information and belief, conducts business under the names "loudheartbrand.com," "Loud Heart," "Loud Heart Brand," "LoudHeartBrand," "@YungHeat," "c/o Heat III," "#HandmadeByHeat," "@YungHEATisON," and "@LoudHeartBrand."

6.      Goyard is presently unaware of the true names of Does 1-10 although they are generally identified as the Defendant Smith's partners, suppliers, and/or co-conspirators. Goyard will amend this Complaint upon discovery of the identities of such fictitious Defendants.

7.      Defendants are the past and present controlling forces behind the sale of counterfeit and infringing Goyard branded products as described herein.

8.      Upon information and belief, Defendants directly engage in unfair competition with Goyard and engage in the advertisement, offering for sale and sale of goods bearing counterfeits and infringements of one or more of Goyard's trademarks to consumers within the United States and this district through at least the Subject Domain Name. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit Goyard-branded goods into the State.

9. Defendants have registered, established or purchased, and maintained the Subject Domain Name and Social Media. Upon information and belief, Defendants have registered and maintained the Subject Domain Name and Social Media for the primary purpose of engaging in illegal counterfeiting activities.

10. Upon information and belief, Defendants will continue to engage in the offering for sale and sale of goods using counterfeit and confusingly similar imitations of Goyard's trademarks unless preliminarily and permanently enjoined.

11. Defendants' business names, i.e., the Subject Domain Name and Social Media, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing or under Goyard's trademarks are essential components of Defendants' illegal activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Goyard.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

12. Goyard is the owner of all rights, including common law rights, in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Goyard Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, traveling bags, handbags, briefcases, attache cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, |

4

| | | | |
|---|---|---|---|
| | | | wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| (E. Goyard Honore Paris) | 3,418,288 | April 29, 2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |
| | 4,036,898 | October 11, 2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the face and body for aesthetic purposes; deodorants for personal use.<br><br>IC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.<br><br>IC 014 – Precious metals and their alloys, other than for dental use; goods made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of |

5

| | | | |
|---|---|---|---|
| | | | leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks.<br><br>IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile.<br><br>IC 025 – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gaberdines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, slippers; hats, berets, caps.<br><br>IC 028 – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, bats for games, boxing gloves, golf gloves, golf clubs, golf bags; decorations for Christmas trees. |

The Goyard Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified above.  True and correct copies of the Federal Registrations for the Goyard Marks listed above are attached hereto as Composite Exhibit "1."

6

13. The Goyard Marks have been used in interstate commerce to identify and distinguish Goyard's high quality goods for an extended period of time.

14. The Goyard Marks are symbols of Goyard's quality, reputation and goodwill and have never been abandoned.

15. The Goyard Marks are well-known and famous and have been for many years. Goyard has expended substantial time, money and other resources developing, and otherwise promoting the Goyard Marks. The Goyard Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

16. Goyard has extensively used and promoted the Goyard Marks in the United States in association with the sale of high quality luxury goods. In recent years, Goyard has experienced substantial sales of its high quality luxury goods

17. As a result of Goyard's efforts, members of the consuming public readily identify merchandise bearing or sold under the Goyard Marks, as being high quality luxury goods sponsored and approved by Goyard.

18. Accordingly, the Goyard Marks have achieved secondary meaning as identifiers of high quality luxury goods.

19. Goyard has carefully monitored and policed the use of the Goyard Marks and has never assigned or licensed the Goyard Marks to any of the Defendants in this matter.

**Defendants' Infringing Activities**

20. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Goyard's ownership of the Goyard Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing trademarks that are exact copies of the Goyard Marks, including, without limitation, hats and caps (the "Infringing Goods") through at least the Subject Domain Name and Social Media. Specifically, upon information and belief, Defendants are using identical copies of the Goyard Marks in the same stylized fashion for different quality goods.

22. Upon information and belief, Defendants' Infringing Goods are of a quality substantially and materially different than that of Goyard's genuine goods. Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale their Infringing Goods with the knowledge that such goods will be mistaken for the genuine quality products offered for sale by Goyard. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Goyard.

23. Defendants advertise their Infringing Goods for sale to the consuming public via the Subject Domain Name and Social Media. In so advertising these goods, Defendants use the Goyard Marks without Goyard's permission. Upon information and belief, the misappropriation of Goyard's intellectual property rights as to the Goyard Marks is the proximate cause of damage to Goyard.

24. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Goyard and the consuming public for Defendants' own benefit.

Defendants' infringement and disparagement of Goyard does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

25. Defendants' use of the Goyard Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Goyard's consent or authorization.

26. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Goyard's rights for the purpose of trading on Goyard's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Goyard and the consuming public will continue to be harmed.

27. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Goyard's genuine goods and Defendants' Infringing Goods, which there is not.

28. Goyard has no adequate remedy at law.

29. Goyard is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Goyard Marks. If Defendants' counterfeiting and infringing, dilutive, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Goyard and the consuming public will continue to be harmed.

30. The injuries and damages sustained by Goyard have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### PURSUANT TO § 32 OF THE LANHAM ACT

31. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

32. This is an action for trademark infringement against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of, at least caps and hats, using marks that are substantially similar and, in some instances, virtually identical to one or more of the Goyard Marks.

33. Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, hats and caps bearing colorable imitations of the Goyard Marks. In so doing, Defendants are continuously infringing and inducing others to infringe the Goyard Marks by using them to advertise, promote, and sell, at least, hats and caps bearing the Goyard Marks.

34. Defendants' infringing activities are likely to cause and may actually be causing confusion, mistake and deception among members of the trade and the general consuming public at the time of initial interest, sale, and in the post-sale setting.

35. Defendants' unlawful actions caused and are continuing to cause unquantifiable damages to Goyard and are unjustly enriching Defendants at Goyard's expense.

36. Defendants' above-described illegal actions constitute infringement of the Goyard Marks in violation of Goyard's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Goyard has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not enjoined.

## COUNT II – FEDERAL TRADEMARK COUNTERFEITING
## PURSUANT TO § 32 OF THE LANHAM ACT

38. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

39. This is an action for trademark counterfeiting against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of at least, caps and hats bearing counterfeits of one or more of the Goyard Marks.

40. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, caps and hats bearing counterfeits of the Goyard Marks. Defendants are continuously contributing to, infringing, and inducing others to infringe the Goyard Marks.

41. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods at the time of initial interest, sale, and in the post-sale setting.

42. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Goyard.

43. Defendants' above-described illegal actions constitute counterfeiting of the Goyard Marks in violation of Goyard's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

44. Goyard has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

## COUNT III – FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

45. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

46. Defendants' Infringing Goods offered for sale and sold bearing copies of the Goyard Marks have been widely advertised and distributed throughout the United States.

47. Defendants' Infringing Goods offered for sale and sold bearing copies of the Goyard Marks are different and inferior in quality from genuine Goyard goods. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

48. Defendants, upon information and belief, have used in connection with their sale of the Infringing Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Goyard.

49. Defendants have authorized infringing uses of the Goyard Marks, in Defendants' advertisement and promotion of their counterfeit and infringing goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

50. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     Goyard has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Goyard will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT IV – FEDERAL TRADEMARK DILUTION
## PURSUANT TO § 43(a) OF THE LANHAM ACT

52.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

53.     The Goyard Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Goyard for decades.  By reason of Goyard's extensive use, the Goyard Marks have become highly distinctive of Goyard's high quality luxury goods, and are uniquely associated with Goyard.  The Goyard Marks were famous long before Defendants offered for sale or sold the Infringing Goods.

54.     Defendants are engaged in a commercial use of the Goyard Marks in commerce.

55.     Defendants' above-described activities are disparaging, damaging and lessening the distinctiveness of the Goyard Marks through, at least, blurring and tarnishment of said Marks.  Indeed, Defendants' unauthorized promotion, distribution, offer for sale, and sale of their Infringing Goods will dilute and tarnish Goyard's reputation and injure the value of the Goyard Marks as indicators of the high quality luxury goods that consumers have come to expect from Goyard.

56.     Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to the Goyard's rights for the purpose of trading on the Goyard's reputation and diluting the Goyard Marks.

57.     Defendants' conduct is diluting and is likely to dilute the Goyard Marks by impairing the distinctiveness of the Goyard Marks, in violation of 15 U.S.C. § 1125(c).

58. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Goyard Marks, and cannot assert any rights in the Goyard Marks that are prior to Goyard's rights.

59. As a result of Defendants' above described diluting and disparaging activities, the Goyard has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched. Goyard has no adequate remedy at law.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

60. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

61. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of the Infringing Goods. Goyard is the owner of all common law rights in and to the Goyard Marks.

62. Specifically, Defendants are promoting and otherwise advertising, offering for sale, selling and distributing infringing products bearing the Goyard Marks.

63. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products.

64. Goyard has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

65. Goyard has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Goyard will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT VI - COMMON LAW UNFAIR COMPETITION

66. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

67. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the Goyard Marks in violation of Florida's common law of unfair competition.

68. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using counterfeits and infringements of the Goyard Marks. Defendants' unauthorized use of the Goyard Marks is for the willful and calculated purpose of 1) misappropriating and trading on Goyard's goodwill and business reputation and 2) causing confusion and mistake among the public and the trade, and of deceiving the public and the trade as to the nature and origin of Defendants' products, in violation of Goyard's rights under the common law of the State of Florida.

69. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Goyard Marks.

70. Goyard has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

## COUNT VII – COMMON LAW DILUTION

71. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

15

72. Goyard has extensively and continuously used and promoted the Goyard Marks to customers and the public for decades. The Goyard Marks have thereby become well-known and highly distinctive symbols of Goyard and of Goyard's high quality luxury goods.

73. Defendants' engage in commercial use of the Goyard name and the Goyard Marks. Defendants' commercial use of the Goyard name and the Goyard Marks dilutes and is likely to dilute the distinctiveness of the Goyard name and the Goyard Marks by eroding the public's exclusive identification of the Goyard Marks with Goyard, blurring, tarnishing, and degrading the positive association and connotations of the Goyard Marks, lessening the uniqueness of the Goyard Marks, and otherwise lessening the capacity of the Goyard Marks to uniquely identify and distinguish Goyard and Goyard's high queslity luxury goods.

74. Defendants' actions demonstrate a willful intent to trade on the goodwill associate with the Goyard Marks and cause dilution of the Goyard Marks.  At a minimum, Defendants' actions described herein have been engaged in with a reckless disregard for or willful blindness to Goyard's rights for the purpose of trading on the Goyard's reputation and diluting the Goyard Marks.

75. Defendants' conduct is causing dilution of the distinctiveness and value of the Goyard Marks, in violation of the Florida Dilution Statute, Fla. Stat. § 495.151.

76. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Goyard Marks, and cannot assert any rights in the Goyard Marks that are prior to Goyard's rights.

77. As a result of Defendants' above described diluting and disparaging activities, the Goyard has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.  Goyard has no adequate remedy at law.

**PRAYER FOR RELIEF**

78. WHEREFORE, Goyard demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a. Entry of temporary, preliminary and permanent injunctions pursuant to Federal Rule Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Goyard Marks; from using the Goyard Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Goyard; from falsely representing themselves as being connected with Goyard, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Goyard; from using any reproduction, counterfeit, copy, or colorable imitation of the Goyard Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags, including backpacks and tote bags, wallets, shoes, and hats; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Goyard, or in any way endorsed by Goyard and from offering such goods in commerce; from engaging in search engine

optimization strategies using colorable imitations of Goyard's name or trademarks; and from otherwise unfairly competing with Goyard.

      b.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling or, at Goyard's election, transferring the Subject Domain Name and any other domain names used or controlled by Defendants to engage in their counterfeiting, infringing, and dilution of the Goyard Marks at issue to Goyard's control so they may no longer be used for illegal purposes.

      c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Goyard's request, the top level domain (TLD) Registry for the Subject Domain Name and any other domain name used or controlled by Defendants, or their administrators, including backend registry operators or administrators, place the domain names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name to the IP addresses where the associated websites are hosted.

      d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Goyard's request, the Social Media and any other alias social media account names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods using counterfeits and infringements of the Goyard Marks be disabled and/or, at Goyard's election, immediately transferred by Defendants to Goyard.

      e.      Entry of an Order requiring Defendants to account to and pay Goyard for all profits resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Goyard be trebled, as provided for under 15 U.S.C. § 1117, or, at Goyard's election with respect to Count I, that Goyard be awarded statutory damages from each Defendant in the

amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

  f. Entry of an Order awarding Goyard damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement and counterfeiting, and dilution of the Goyard Marks.

  g. Entry of an award of Goyard's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

  h. Entry of an award of pre-judgment interest on the judgment amount.

  i. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 19, 2016.   Respectfully submitted,

           STEPHEN M. GAFFIGAN, P.A.

           By: **s/Stephen M. Gaffigan**
           Stephen M. Gaffigan (Fla. Bar No. 025844)
           Virgilio Gigante (Fla. Bar No. 082635)
           T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
           401 East Las Olas Blvd., Suite 130-453
           Ft. Lauderdale, Florida 33301
           Telephone: (954) 767-4819
           Facsimile: (954) 767-4821
           E-mail: Stephen@smgpa.net
           E-mail: Leo@smgpa.net
           E-mail: Raquel@smgpa.net

           Attorneys for Plaintiff
           GOYARD ST-HONORE