UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62977-CIV-DIMITROULEAS

GOYARD ST-HONORE,

Plaintiff,

vs.

RANDELL SMITH III, a/k/a RANDELL SMITH, an individual d/b/a loudheartbrand.com *et al*.

Defendants.

_______________________________________/

**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

THIS CAUSE is before the Court upon the Agreed Motion for Entry of Consent Final Judgment and Permanent Injunction [DE 13] ("Motion"). The Court has carefully considered the Motion [DE 13] and is otherwise fully advised in the premises.

Plaintiff, Goyard St-Honore ("Plaintiff") and Randell Smith III a/k/a Randell Smith, an individual, d/b/a loudheartbrand.com d/b/a Loud Heart d/b/a Loud Heart Brand d/b/a LoudHeartBrand d/b/a @YungHeat d/b/a c/o Heat III d/b/a #HandmadeByHeat d/b/a @YungHEATisON d/b/a @LoudHeartBrand ("Defendant"), stipulate and consent to the following:

**WHEREAS**, Defendant allegedly adopted and began using trademarks in the United States which allegedly infringe and dilute the distinctive quality of Plaintiff's various registered trademarks as identified in Paragraph 12 of Plaintiff's Complaint (the "Goyard Marks");

**WHEREAS**, Defendant's use of names and marks which incorporate one or more of the Goyard Marks is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of the Goyard Marks, Plaintiff has superior and exclusive rights in and to the Goyard Marks in the United States and any confusingly similar names or marks.

**IT IS ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [DE 13] is **GRANTED**. Final Judgment is entered in favor of Plaintiff and against Defendant on all Counts of the Complaint.

2. Defendant and his officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

A. manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Goyard Marks;

B. using the Goyard Marks in connection with the sale of any unauthorized goods;

C. using any logo and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

D. falsely representing Defendant as being connected with Plaintiff, through sponsorship or association;

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Goyard Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with Plaintiff;

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Goyard Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

3. Statutory damages pursuant to 15 U.S.C. § 1117(c):

a. Award Plaintiff damages of $50,000.00 against Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue.

4. Plaintiff shall not record or execute upon this Judgment unless Defendant defaults upon a material term of the parties' Agreement.

5. Due to the circumstances giving rise to the filing of this action against Defendant, any funds due from Defendant to Plaintiff in connection with this action constitutes a non-dischargeable debt under Section 523(a)(6) of the United States Bankruptcy Code, Title 11 U.S.C. §101, *et seq*.

6. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the

event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

7. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties.

8. Any products bearing the Goyard Marks at issue in this proceeding that are currently in Defendant's possession, custody or control shall immediately be surrendered to Plaintiff's counsel for destruction at Plaintiff's instruction.

9. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

10. The Clerk is directed to **CLOSE this case and DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 4th day of April, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record